EDWARD PROCTOR AND OTHERS, Appellants from a Decree of the Judge of Probate, *versus* GIBBS ATKYNS.

The Court of Probate will not determine upon a claim set up by *deed*, it being *exclusively* determinable at common law.

IN this case the appellants were *Edward Proctor* and *Hannah*, his wife, *Martin Gay* and *Ruth*, his wife, and *Catharine Lombard*; the said *Hannah*, *Ruth*, and *Catharine*, being three of the children and heirs at law of *Thomas Atkyns*, who died intestate in the year 1787; the appellee, *Gibbs Atkyns*, was a son and one of the heirs of the said *Thomas Atkyns*. The estate of the intestate, excepting what was assigned to his widow as her dower, had been long since divided and distributed to and among his children; after her death, which was in 1798, application was made to the judge of probate for this county, for a division and distribution of the estate set off to the widow as dower, (being a brick mansion house and land, situate in *Boston*,) among the heirs at law of the intestate, and on the 6th day of July, 1802, the judge passed a decree assigning all the real estate of the intestate, which remained to be distributed or divided, to the appellee, *Gibbs Atkyns*, the only surviving son of said intestate, he having given bond to pay to the other heirs, or legal representatives of the *intestate their [ *322 ] ratable parts or proportion of said estate, &c

From this decree the appellants appealed, and filed the following reasons, viz., *First*, That the said *Gibbs Atkyns*, subsequent to the decease of the said *Thomas Atkyns, viz.*, on the 22d day of April, 1795, by deed, duly executed, acknowledged, and recorded, conveyed to *Sarah Atkyns, Timothy Atkyns, Robert Marrable, Sally Marrable, Jones Marrable, Mary Atkyns*, the said *Martin Gay* and *Ruth*, his wife, the said *Edward Proctor* and *Hannah*, his wife, *Ephraim Lombard*, and the said *Catharine Lombard*, his wife, all his right, title, interest, and claim, in and unto all the estate of the said *Thomas Atkyns*, both real and personal, for a valuable consideration in the said deed expressed.

And, *secondly*, because the aforesaid assignment is contrary to law.

*Ephraim Lombard*, the husband of *Catharine Lombard*, one of the appellants, had died after making the deed, and previous to the decree; the other grantees in the deed were children or grandchildren of the intestate.

The cause had been (as I understood) argued at a former term of this Court, and was now shortly spoken to by *Parsons* for the appellants, and the *Attorney-General (Sullivan)* and *Amory* for the appellee.

The Court were unanimously of opinion that the decree of the judge of probate ought to be reversed, and ordered the entry thereof to be made as follows, viz., "Because the said *Edward Proctor* and *Hannah*, his wife, *Martin Gay* and *Ruth*, his wife, and *Catharine Lombard*, appellants as aforesaid, claim the right and interest, or a part thereof, which the said *Gibbs Atkyns* had in the estate of the said *Thomas Atkyns* deceased, by force of a supposed deed here exhibited, and said to have been made by the said *Gibbs* [ * 323 ] *Atkyns* * to the said *Martin Gay* and *Ruth*, his wife, and others, therein mentioned, which claim of the appellants is determinable exclusively at the common law; *the Court* here reverse the said decree, appealed from as aforesaid, and suspend all proceedings which might be had in the Court of Probate as aforesaid, for the settlement or division of the remaining estate of the said *Thomas Atkyns*, deceased, until the said claim shall be removed, or otherwise determined.

*Decree reversed.*

NOTE.—The cause was not argued, nor any objection made, before the judge of probate, to the assignment of the whole estate to the appellee; nor was it *then* suggested that the appellants claimed by virtue of a deed from the appellee.